**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

|  |  |
|---|---|
| MONICA SCHULMANN,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J CONRAD, ERIC KOMITEE,<br>MARGO K BRODIE, LAURA TAYLOR<br>SWAIN, PAMELA K CHEN, TAMMI M<br>HELLWIG, BRENDA K SANNES, JOHN M<br>DOMURAD, BRENNA B MAHONEY,<br>EDWARD A FRIEDLAND,<br><br>Defendants. | CASE NO. 1:26-CV-312-HAB-ALT |

## OPINION AND ORDER

Pro se Plaintiff Monica Schulmann ("Schulmann") filed a complaint and seeks leave to proceed in forma pauperis. (ECF 1, 2). Schulmann, who listed her address as being in Alabama but sent the complaint from New Jersey, alleges certain Defendants—not even all—engaged in extramarital affairs that have been overheard and requests that reprimands be ordered. (ECF 1, 1-1). Her complaint does not explain what precise legal claim she is pursuing or how she would have standing to bring it. But the Court need not look far to identify this filing. A PACER search reveals that as of the time of writing, "Schulmann" has bombarded at least eighteen different federal courts across the country—including this one—with the same or a similar devoid-of-fact complaint.[1]

Under 28 U.S.C. § 1915, the court "may authorize the commencement [of this action] without pre-payment of fees [if] the person is unable to pay such fees . . .." A person is unable to

---

[1] *See, e.g., Schulmann v. Conrad et al.*, Case No. 4:26-cv-671-KGB (E.D. Ark. July 7, 2026); *Schulmann v. Conrad et al.*, Case No. 3:26-cv-264-JFB-PRSE (D. Alaska July 7, 2026); *Schulmann v. Brodie et al.*, Case No. 1:26-cv-1279-JEH-RLH (C.D. Ill. July 7, 2026); *Schulmann v. Conrad et al.*, Case No. 1:26-cv-13104-JCB (D. Mass. July 6, 2026); *Schulmann v. Conrad et al.*, Case No. 1:26-cv-2008-PLM-MV (W.D. Mich. July 6, 2026).

pay the filing fee if "because of his poverty [doing so would result in the inability] to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted). In a Chapter 7 Bankruptcy case, the filing fee may be waived "if the court determines that such individual has income less than 150 percent of the income official poverty line. . .." 28 U.S.C. § 1930(f)(1).[2] This is not a Bankruptcy case, but the judicial discretion afforded by 28 U.S.C. § 1915 permits application of the same threshold. *See Merritte v. Templeton*, 493 F. App'x 782, 784 (7th Cir. 2012) ("Courts have wide discretion to decide whether a litigant is impoverished."). The Poverty Line is set annually by the United States Department of Health and Human Services. 42 U.S.C. § 9902.

But "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the Court must dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Schulmann's financial affidavit states she has $8 in her bank account, no income, and spends $400 per month on regular expenses. (ECF 2). This would mean she financially qualifies to proceed in forma pauperis. But that is of no moment here because reviewing Schulmann's allegations liberally as the Court must do, her complaint must be dismissed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (providing that a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers . . . .").

Schulmann asserts nothing that supports a basis for the Court to exercise jurisdiction. (ECF 1). It is not obvious what legal claim she is pursuing. Schulmann just states that some Defendants are having extramarital affairs and that she is seeking reprimands. (*Id.*). That is not enough to state

---

[2] S*ee* https://www.uscourts.gov/sites/default/files/document/poverty-guidelines.pdf (150% Poverty Guideline table).

a legal claim, let alone allege that she suffered any kind of harm or can pursue a legal claim that this Court is competent to preside over. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that a complaint must contain "enough facts to state a claim to relief that is plausible on its face"). And nothing in the complaint establishes who any of the Defendants are or how they would be subject to personal jurisdiction in Indiana. No facts suggest that any defendant is from the state, and no events have been described that occurred in the state.[3]

Given these glaring deficiencies and Schulmann's track record of frivolous filings, the Court finds the complaint here meritless and frivolous. Amendment would thus be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015).

For these reasons, the Court:

(1) DENIES Schulmann's Motion to Proceed in Forma Pauperis (ECF 2); and

(2) DISMISSES this case WITH PREJUDICE.

**SO ORDERED** on July 15, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[3] In fact, many Defendants appear to be federal judges in New York. *See, e.g.*, *District Judges,* US COURTS - NEW YORK EASTERN DISTRICT, https://www.nyed.uscourts.govdistrict-judges (listing Margo K. Brodie, Eric Komitee and Pamela K. Chen as judges); *See United States District Judges,* UNITED STATES DISTRICT COURT -SOUTHERN DISTRICT OF NEW YORK, https://www.nysd.uscourts.gov/judges/district-judges (listing Laura Taylor Swain).